# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY JACKSON RICHARDS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   7:25-cv-2084-EGL-SGC |
| | ) |
| **WARDEN TERRY TUCKER,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Timothy Jackson Richards filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, which the magistrate judge recharacterized as a petition pursuant to 28 U.S.C. § 2254, Doc. 3. On January 8, 2026, the magistrate judge entered a report recommending dismissal of the petition based on the court's lack of jurisdiction. Doc. 4. Specifically, the magistrate judge concluded that, under 28 U.S.C. § 2244(b)(3)(A), the Court's dismissal of the petitioner's previous petitions deprives it of jurisdiction to consider his successive petition, absent authorization from the Court of Appeals for the Eleventh Circuit. *Id.* The petitioner has filed objections to the magistrate judge's recharacterization of his petition and to the report and recommendation. Docs. 5, 6. The Court will address the objections together.

The petitioner contends that the magistrate judge was required to warn him before recharacterizing his petition from one filed under § 2241 to one filed under § 2254. Doc. 5 at ¶3. But the petitioner ignores the magistrate judge's explanation that a warning is required only before recharacterizing a *pro se* petitioner's *first* petition. Doc. 3 at 1-2; *see Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 953-54 (11th Cir. 2018) (extending *Castro* requirement to § 2254 petitions). Because the petitioner has filed multiple petitions under § 2254, he was not entitled to a warning. Accordingly, the petitioner's objections on this ground (Doc. 5) are **OVERRULED**.

Next, the petitioner asserts that the underlying criminal indictment was "void," which deprived the Walker County Circuit Court of jurisdiction. Doc. 6 at ¶5. He reasons that his petition is more properly characterized as one under § 2241 because he is being held in violation of the Constitution. *Id.* at ¶6.

Regardless of how the petitioner attempts to couch his claims, he challenges the validity of his current incarceration in the Walker County Jail based on his murder conviction, *see* Doc. 1, a claim that falls squarely within the scope of § 2254, *see Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("If the terms of § 2254 apply to a state habeas petitioner—*i.e.,* if he is 'in custody pursuant to the judgment of a State court'—then we must apply its requirements to him.") (quoting 28 U.S.C. § 2254(a)). The petitioner may not "evade the procedural requirements of § 2254 by

2

characterizing his filing as a § 2241 petition." *Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241.").

Because the petitioner's prior petitions were dismissed on the merits, he must obtain authorization from the Eleventh Circuit Court of Appeals to bring a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The petitioner does not contend that he has obtained such authorization. Accordingly, his objections on this ground (Doc. 6) are **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report and the petitioner's objections (Docs. 4, 5, 6), the Court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the Court finds that the petition for a writ of habeas corpus (Doc. 1) is due to be dismissed based on a lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). Because this matter will be dismissed as successive, a ruling on a certificate of appealability

is not required. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

A Final Order will be entered.

**DONE** and **ORDERED** this 20th day of February, 2026.

_____
**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE